J. GONZÁLEZ & Co., *S. en C.*, Plaintiff and Appellee, v. JOSÉ ISABEL APONTE, Defendant and Appellant, and ISIDRO FALCÓN CUADRADO, Intervener and Appellant.

No. 7889.   Argued December 5, 1939.—Decided January 8, 1940.

*Luis Mendín Sabat* for appellants.   *R. Arroyo Ríos* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Against the judgment on the complaint in this case, the defendant and the intervener filed this appeal. The plaintiff-appellee requested the dismissal of the appeal on two occasions and on both occasions its pretensions were denied. We are now going to consider the case on its merits.

As appears from the record, the defendant José Isabel Aponte was the owner of a rural property described in the complaint and in a suit for the collection of money filed by the commercial partnership plaintiff in this case against said José Isabel Aponte, judgment was given on the complaint and in payment of the judgment the marshal of the municipal court executed a deed of judicial sale of said farm in favor of the plaintiff on February 19, 1938. On the following first of July, the said commercial partnership filed the complaint in this case in the District Court of Humacao and on the date set for the first hearing, the 22nd of said month, the plaintiff, the defendant and the intervener, Isidro Falcón Cuadrado, appeared. In that hearing and in the presence of the parties, Aponte told the court that the owner of the property was the intervener, Falcón Cuadrado, and that he, Aponte, occupied it since July 1 of said year by virtue of a contract of lease entered into with Falcón Cuadrado under which contract he had paid him $50 as rental. The lower court postponed the first hearing until another date when the parties again appeared, the plaintiff represented by its attoney R. A. Arroyo, the defendant by himself and the intervener by his attorney Luis Mendín Sabat. A date was set for the second hearing and on said date the case was submitted on the documentary evidence offered in the first hearing.

The court, on the merits of the evidence, gave judgment on the complaint and ordered the ejectment of the defendant.

The only error alleged by the appellants is that the court decided the conflict of the evidence in favor of the plaintiff. The mere statement of the alleged error is the best

denial of it. If there was a conflict in the evidence, after the lower court has decided it in favor of one of the parties, this Court will not alter the conclusion of the lower court unless bias, prejudice or partiality, or manifest error in the weighing of the evidence is shown. *Matías* v. *Schweitzer, ante,* p. 738.

The appellants also argue that this case involves a conflict of titles and that therefore, the lower court erred in deciding it within a proceeding of unlawful detainer.

In our opinion there was no such a question of titles as would prevent the court from hearing the case until its final determination. In order that such a question may exist the mere allegation and presentation of a title which is manifestly inexistent is not sufficient. It is necessary to bring evidence tending to show that the claims of the defendant are *bona fide.*

In the case of *Puerto Rico Leaf Tobacco Co.* v. *Colón* 50 P.R.R. 291, 294, cited by the appellee and referring to the kind or class of title which is sufficient to produce a conflict which may not be decided in a proceeding of unlawful detainer, this Court said:

'The question is whether defendant's claim of ownership is so manifestly unsubstantial and untenable as not to demand serious consideration or whether the evidence in support thereof was sufficient to raise a legal issue. It is well settled that conflicting claims as to titles if bona fide cannot be tried and determined in an unlawful detainer proceeding. A flimsy pretense will be brushed aside. An apparently bona fide claim supported by evidence sufficient to show some color of right, evidence sufficient to present a genuine question of title, will justify and require a dismissal of the proceeding. We shall not stop to review the decided cases. See judgment of the Supreme Court of Spain of May 12, 1919 (146 *Jurisprudencia Civil* 281, 288); *Segundo González* v. *Colón,* 49 P.R.R. 542; *Lippitt* v. *Llanos,* 47 P.R.R. 254; *Laureano* v. *Díaz,* 48 P.R.R. 684; *Brunet* v. *District Court,* 45 P.R.R. 871; *Schuck* v. *Verdejo,* 43 P.R.R. 64; *Rubert Hnos.* v. *Hernández,* 43 P.R.R. 920; *Mojica* v. *González,* 43 P.R.R. 956; *Ermita* v. *Collazo,* 41 P.R.R. 173.''

To the same effect see *Cora* v. *Belgodere,* 55 P.R.R. 10.

Let us now see of what the alleged title of the intervener consisted. On the date set for the first hearing, the defendant, Aponte, told the court in the presence of the intervener that he had sold the farm object of this suit to the latter and that the defendant occupied it since the first of July (the month in which the first hearing was held) by virtue of a contract of lease that he had entered into with the intervener, having already paid him the amount of $50 as rental under said contract. The intervener presented deed No. 6 of February 14, 1938, executed by the defendant in favor of the intervener before the notary Mendín, attorney for the defendant, and the intervener in this suit, wherein it is stated that on April 2, 1933, the defendant and his wife, who was dead at the date of the deed, had verbally sold the farm in controversy to the intervener for the price of $1,500 and that when said contract was entered into, the intervener paid $1,000 of the purchase price and agreed that the other $500 would be paid by the intervener when the corresponding deed was executed. No date was set for the execution of said deed and as a consequence none for the payment of the balance owed. Five years elapsed since the celebration of the supposed verbal contract in 1933 until the deed was executed in 1938, and during all that time as appears from the record, the vendor continued in the possession of the farm without paying any rental whatsoever to the purchaser, although he had received the substantial amount of $1,000 which constituted two-thirds of the purchase price. The only claim made by the intervener to the defendant with regard to the delivery of the farm was a letter addressed to the defendant by the intervener and presented by the defendant in evidence which due to its brevity, we shall copy:

"Bayamón, Puerto Rico, May 10, 1938.—Mr. José Isabel Aponte, Aguas Buenas, Puerto Rico.

"Dear friend:

"You know that when I bought from you and your sons by deed of February 14, of this year, before notary Luis Mendín Sabat, the

farm of twenty-three cuerdas situated in the ward Mulitas of Aguas Buenas, I warned you and your sons that within two months from the date of said deed I wanted you to move from the property because I intended to rent it and as the period has more than elapsed I pray you as a friend to leave the farm as soon as possible since if you do not do this I will have to go to the courts to enforce my rights as owner of the property.

"I also warn you that I know that you have used wood from the farm without my consent and th's prejudices me and is not correct.

"I therefore, absolutely forbid you to continue cutting lumber on the farm and require you to leave without the necessity of any further notice.

"Very truly yours, (signed) Isidoro Falcón." (T. of E. p. 26.)

The above copied letter shows that at least until May 10, 1938, the date of the same, the defendant occupied the farm without paying any rental whatsoever since the supposed verbal contract of 1933 and it shows something more, that is, that it was not until May 10, 1938, that the intervener, although he had paid two-thirds of the purchase price, carried out his first act of dominion by forbidding the defendant to continue using the wood of his property without his consent.

This evidence was not believed nor could it have been believed by the lower court. The supposed contract, because it is so incredible, shows that it is not *bona fide,* and this being so, the lower court acted correctly in not considering that there existed a conflict of titles and deciding the case on its merits.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.